UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM STAPLES, Plaintiff | CIVIL ACTION NO. 1:16-CV-1284-P |
| VERSUS | CHIEF JUDGE DRELL |
| USA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff William Staples ("Staples") (#07725-089) filed a complaint in the Middle District of Pennsylvania pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>.[1] The case was transferred to this Court, and Staples was granted leave to proceed *in forma pauperis*. (Docs. 1, 9). Staples is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Estill, South Carolina. Staples complains that he was sanctioned for three disciplinary convictions that were expunged after the sentences were served.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.   Background

According to his amended complaint, Staples originally filed suit on April 10, 2013, in the United States District Court for the District of Columbia, under Docket Number 1:13-cv-468. (Doc. 73). Staples's complaint arose "out of plaintiff's multiple disciplinary proceedings at the United States Penitentiary in Pollock, Louisiana, and at his current facility, FCI Schuylkill."[2] (1:13-cv-468, D.C., Docs. 1, 5). Staples complained that he was wrongfully convicted, and the convictions were "expunged" after Staples "served out the sanction." (1:13-cv-468, D.C., Docs. 1, 5). Staples also claimed that two officers at the Schuylkill facility violated his Eighth Amendment rights regarding his conditions of confinement and medical care. (1:13-cv-468, Docs. 1, 5). Staples did not raise an FTCA claim in the suit. The D.C. court denied and dismissed all claims under § 1915A, except for the Eighth Amendment claims against the Schuylkill officers, which were transferred to the Middle District of Pennsylvania. (1:13-cv-468, Docs. 5, 6).

---

[2] Staples received an incident report in July, 2010, for assaulting another inmate. (Doc. 63, p. 7). Staples was convicted and sentenced to 30 days in the special housing unit ("SHU"), 60 days loss of visitation, and 27 days loss of good time credits. (Doc. 63, p. 7). After serving his sentence, the incident report was expunged and credits restored. (Docs. 1, 63).
  Staples also received incident reports in February, 2011, for misusing medication and failing to stand for count. (Doc. 63, pp. 7, 8). Staples was convicted and sanctioned to 60 days loss of phone privileges and commissary. After Staples served the sanctions, the convictions were expunged. (Doc. 63, pp. 8, 9).
  Staples received a third incident report for refusing an order. Staples was convicted and sanctioned to 60 days loss of commissary. (Doc. 63, p. 9). Staples's appeal was denied. (Doc. 63, p. 9).

After the case was transferred to Pennsylvania, an order was issued directing Staples to pay the filing fee or submit a properly completed application to proceed *in forma pauperis*. (3:13-cv-02377, M.D. Pa., Docs. 8, 9). Staples failed to timely comply with the order, so his case was dismissed without prejudice. (3:13-cv-02377, M.D. Pa., Doc. 10).

Approximately 11 months later, Staples refiled the suit, presenting all of his original claims—including those that were denied and dismissed by the D.C. court—in addition to an FTCA claim. (3:14-cv-1777, M.D. Pa., Doc. 1). After two years of litigation, the court dismissed all of Staples's claims, except the claims related to his disciplinary sanctions at the United States Penitentiary in Pollock, Louisiana ("USP-P"). (3:14-cv-1777, M.D. Pa., Doc. 50). Those claims were transferred to this Court.

I.  Law and Analysis

   A.  Staples's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Staples is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 66). As a prisoner seeking redress from an officer or employee of a governmental entity, Staples's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Staples's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.    <u>Staples cannot state a claim for damages</u>.

Staples's good time was restored after the convictions were expunged, but he seeks damages for having to endure 30 days in the special housing unit, 60 days loss of visitation, 60 days loss of phone privileges, and 120 days loss of commissary. (Doc. 63, pp. 7-9).

As the D.C. court noted, "the due process clause is triggered by the deprivation of a protected liberty interest, which is not derived from a prisoner's mere placement in segregated housing or the temporary loss of privileges due to prison infractions of which a prisoner is found guilty." (1:13-cv-468, D.C., Doc. 5) (citing Sandin v. Connor, 515 U.S. 472, 484 (1995) (prisoners' protected liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")[3]. Thirty days in

---

[3] While Sandin addressed state-created liberty interests under the Fourteenth Amendment, its reasoning applies equally to Fifth Amendment due process claims

4

segregation, and the loss of visitation, phone, and commissary privileges are not atypical or significant, and do not raise protected liberty interests. See Oser v. Pollock, 547 F. App'x 458 (5th Cir. 2013) (placement in any SHU or SMU after the expiration of prisoner's disciplinary sentence did not impose any atypical or significant hardship in relation to the ordinary incidents of prison life); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000) (30–day commissary and cell restrictions did not implicate the Due Process Clause); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (prisoners have no constitutional right to visitation privileges, and restrictions of those privileges do not implicate any due process concerns); Martin v. Scott, 156 F.3d 578, 579–580 & n. 1 (5th Cir. 1998) (loss of visitation and commissary privileges do not deprive the prisoner of a constitutionally cognizable liberty interest).

Thus, Staples fails to state a Bivens claim regarding his sanctions.

### C. Staples's Bivens claim has already been adjudicated by the District of Columbia. Alternatively, the claim is untimely.

Staples argues his Bivens claim is timely because the claim was originally filed in D.C. in 2013. If Staples's Bivens claim is the same claim Staples raised in the D.C. case, the claim is subject to the doctrine of res judicata. Res judicata is generally an affirmative defense that must be pleaded, not raised *sua sponte*. Fed.R.Civ.P. 8(c). However, the Fifth Circuit has stated, "where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal

---

brought by federal prisoners pursuant to Bivens. See Crowder v. True, 74 F.3d 812, 814–15 (7th Cir. 1996).

5

effect….” <u>Am. Furniture Co. v. Int'l Accommodations Supply</u>, 721 F.2d 478, 482 (5th Cir. 1981).

Finally, to the extent that the current <u>Bivens</u> claim is not identical to the D.C. claim and does not relate back to the D.C. filing, the claim is prescribed. The statute of limitations for a <u>Bivens</u> action is borrowed from state law. See <u>Alford v. United States</u>, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code Ann. art. 3492; <u>Gaspard v. United States</u>, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a <u>Bivens</u> cause of action accrues. <u>United Klans of America v. McGovern</u>, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See <u>Brown v. Nationsbank Corp.</u>, 188 F.3d 579, 589-90 (5th Cir. 1999).

Staples's knew of his injury at the time of the disciplinary convictions. The <u>Bivens</u> claim was tolled while Staples exhausted his administrative remedies, but ran from the date his disciplinary convictions were expunged in 2011 and 2012.

Staples's original suit, which was transferred from D.C. to Pennsylvania, was dismissed without prejudice on October 23, 2013. (1:13-cv-2377, Doc. 10). Staples did not refile suit in the Middle District of Pennsylvania until almost one year later, on September 12, 2014, well after the prescriptive period on his <u>Bivens</u> claims expired.

6

Thus, even if the Bivens claim was not barred by Sandin, the claim is either barred by the doctrine of res judicata or is prescribed.

### D. Staples's FTCA claim is time-barred.

Regardless of whether Staples raised the FTCA claim in the initial D.C. suit or in his refiled Pennsylvania complaint, the claim is time-barred. Staples's tort claim was denied on December 23, 2011. (Doc. 72-1, p. 2). Staples had six months from that date within which to file suit in federal court. (Doc. 72-1, p. 3). The earliest date Staples could arguably have raised the FTCA claim in federal court is the date the D.C. suit was filed, April 10, 2013. However, the time limit for filing suit under the FTCA expired on June 23, 2012.

## II. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Staples's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of September, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge